IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ROBERT BREWER,

        Plaintiff,

   v.

RUTLAND HERALD, *et al.*,

        Defendants.

Civil Action No.
3:14-CV-0958 (GLS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

ROBERT BREWER, *Pro Se*
5 Finch Path
Liverpool, NY 13090

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Robert Brewer has commenced this action against three employees of the Vermont state police, two Vermont newspapers, his ex-wife, his son, nine employees of Google, Inc., and several other assorted defendants asserting an amalgamation of thirty-five separate

claims arising out of a series of unrelated events, news articles, and occurrences dating back to as early as 1996.[1] Plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. For the reasons set forth below, I recommend that his IFP application be granted and his complaint be dismissed with leave to replead.

I.   BACKGROUND

Plaintiff commenced this action on July 31, 2014. Dkt. No. 1. Plaintiff's complaint, which is by no means a model of clarity, was accompanied by a motion for leave to proceed IFP. Dkt. No. 2. Among others, plaintiff's complaint names, as defendants, the Rutland Herald and the Brattleboro Reformer, identified as two newspapers headquartered in Vermont; Officer Hashim, Sergeant LaBombard, and Sergeant Treaudeux, three Vermont State Police officers;[2] several employees of Google, Inc., and Connected Properties, LLC, plaintiff's landlord. Plaintiff's complaint

---

[1]   Plaintiff commenced an earlier action against several of the same defendants named in this suit. *See Brewer v. Rutland Herald*, No. 14-CV-0215 (N.D.N.Y. filed Feb. 28, 2014). The claims in that case were voluntarily dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. *See Rutland Herald*, No. 14-CV-0215, Dkt. No. 17. Because the plaintiff's notice of dismissal did not otherwise indicate, the dismissal was without prejudice. *See* Fed. R. Civ. P. 41(a)(1) ("Unless the notice . . . states otherwise, the dismissal [under this subsection] is without prejudice.").

[2]   Although defendants Hashim and LaBombard are included in the caption of the complaint, there are no allegations against them in the body of the pleading.

2

sets forth thirty-five causes of action arising out of a series of occurrences, some of which are interrelated while others are not, and some of which are more particularly described than others.

One of the incidents giving rise to plaintiff's claims occurred in April 2013, when his vehicle was stopped by unidentified Vermont State Police Officers. Dkt. No. 1 at 5-6. The officers obtained plaintiff's consent to search his vehicle, during which they found a firearm and confiscated it, apparently thinking plaintiff was a convicted felon and not permitted to possess it. *Id.* at 6. Plaintiff then attempted, without success, to show the officers court records reflecting that his conviction was set aside on appeal. *Id.* at 7-8. Accounts of that stop were published in both the Rutland Herald and Brattleboro Reformer. *Id.* at 6.

A second component of plaintiff's complaint relates to alleged efforts by his former wife, Margaret Immel Brewer and his son, Robert Martin Brewer, both of whom are named defendants, to utilize plaintiff's e-mail accounts and credit to their benefit. Dkt. No. 1 at 8-11. Plaintiff also accuses Margaret Immel Brewer and Robert Martin Brewer of doctoring plaintiff's online identity and fusing it with that of other, undesirable individuals. *Id.* at 11-16.

Also included within plaintiff's complaint are claims against his landlord, defendant Connected Properties, LLC, regarding what he alleges are uninhabitable of his apartment in Binghamton, New York. Dkt. No. 1 at 16-23. Plaintiff alleges that his landlord failed to address his complaints regarding various issues, including building code violations and noise from outdoors and other tenants. *Id.*

Plaintiff's claims run the gamut and include federal and state law causes of action such as a violation of the Fair Housing Act, ("FHA"), 42 U.S.C. § 3601 *et seq.*, defamation, negligence, fraud, illegal wiretapping, and denial of equal protection. His complaint requests both monetary and injunctive relief. *Id.* at 27, 44-45.

II. DISCUSSION

    A. Application to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiff

---

[3] The language of that section is ambiguous in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an

4

meets the requirements for IFP status, his application for leave to proceed IFP is granted.[4]

B. Sufficiency of Plaintiff's Complaint[5]

1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

---

affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

[5] Although plaintiff asserts the court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, he is misguided. Dkt. No. 1 at 3. Section 1332 requires complete diversity of citizenship between plaintiffs and defendants. *Seemann v. Maxwell*, 178 F.R.D. 23, 24 (N.D.N.Y. 1998) (Scullin, J.) ("Complete diversity of citizenship is required, meaning that there cannot be citizens from the State on opposing sides of the litigation." (citing cases). In this case, the plaintiff, a New York resident, has sued several defendants, including Connected Properties, LLC, which plaintiff alleges has offices in Staten Island, manages rental property in Binghamton, and employs an agent located in Binghamton. Dkt. No. 1 at 16, 17. In addition, his ex-wife and son, both named-defendants, are New York state residents, as well. *Id.* at 4. Because plaintiff, a New York resident, has named defendants who are also New York residents, complete diversity is lacking. The absence of complete diversity leaves only federal questions as a basis for the court's subject matter jurisdiction, as well as supplemental jurisdiction over related state-law claims.

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998));

*see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

Plaintiff's complaint in this case asserts fraud against some of the defendants, implicating Rule 9 of the Federal Rules of Civil Procedure, which requires that, "[i]n alleging fraud . . . a party must state with

particularity the circumstances constituting fraud or mistake[.]" Fed. R. Civ. P. 9(b).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. <u>Analysis</u>

As was previously suggested, the allegations and claims asserted in plaintiff's complaint are far from clear. The allegations are both prolix and vague. Although there are moments of clarity within the complaint, they are quickly clouded by vague or contradictory accusations that oftentimes give rise to no recognizable cause of action at all. By way of example, although it is clear that plaintiff complains of his ex-wife's alleged reallocation of a credit card debt to his name, it appears that he ultimately prevailed in another litigation clearing him of responsibility for that debt. Dkt. No. 1 at 9-10. Plaintiff also accuses his ex-wife and son of conspiring to create a false criminal history and internet identity for him, and spends twenty-nine confusing paragraphs purportedly describing how "Google play[ed] games with [him]" in an attempt to illustrate the conspiracy. *Id.* at 13-16.

Plaintiff's complaint also often fails to independently allege facts demonstrating the personal involvement of specifically identified individuals. For example, while plaintiff describes events associated with his vehicle stop in Vermont in 2013, he does not identify the officers who stopped him or confiscated his firearm. Dkt. No. 1 at 5-6. It is thus unclear

how each of the police officers identified in the caption was specifically involved.[6]

Plaintiff's complaint also purports to assert claims against several defendants who do not appear to reside or work in New York, including the three Vermont State Police officers, the Google employees, and two defendants allegedly associated with the Alabama Criminal Justice Information Center. Plaintiff's complaint lacks allegations, however, upon which the court could conclude that long arm jurisdiction is appropriately exercised over those defendants pursuant to sections 301 and 302 of the New York Civil Practice Law and Rules.

Several of the claims asserted in plaintiff's complaint arise from allegations of defamation, including both libel and slander under state law. Those claims, however, are supported by only vague factual allegations, and fail to reveal the precise nature of the defamatory statements, including when they were spoken or published[7] and the identity of the

---

[6] Although plaintiff's complaint does not invoke 42 U.S.C. § 1983, to the extent plaintiff attempts to assert a constitutional claim under that provision against the police officers, that claim fails. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983.").

[7] "Under New York law, the statute of limitations for a defamation claim is one year." *McKenzie v. Dow Jones & Co., Inc.*, 355 F. App'x 533, 535 (2d Cir. 2009) (citing N.Y. C.P.L.R. § 215(3)).

defendant specifically responsible. Moreover, and more critically, plaintiff's complaint does not allege special damages, as required under New York Law to support a cognizable defamation claim that does not fall within the category of defamation *per se*.[8] *Celle v. Filipino Reporter Enters., Inc.,* 209 F.3d 163, 179 (2d Cir. 2000).

As another example of the claim not clearly stated, plaintiff's thirty-second cause of action alleges that defendants violated his rights under the FHA. Among other things, the FHA, however, prohibits discrimination in the sale or rental of housing on the basis of race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604. Plaintiff's complaint completely fails to allege the basis on which he qualifies for protection under that FHA.

Given the above-described deficiencies, as well as the general rambling and confusing nature of plaintiff's complaint, I recommend that it be dismissed. *See Fisch v. Consulate Gen. of the Republic of Poland*, No. 11-CV-1297, 2012 WL 1479722, at *1 (N.D.N.Y. Apr. 27, 2012) (McAvoy, J.).

---

[8] None of the allegedly defamatory statements alluded to in plaintiff complaint render the defamation claim asserted a defamation *per se* claim – that is, none of the alleged statements by defendants "impute[] incompetence, incapacity or unfitness in the performance of one's profession or trade." *Allen v. CH Energy Grp., Inc.*, 58 A.D.3d 1101, 1103 (3d Dep't 2009) (quotation marks omitted).

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). Here, in light of the procedural history of this action, I find plaintiff is entitled to the benefit of this general rule.

In the event plaintiff chooses to file an amended complaint, he is reminded of the pleading sufficiency standards described above in Part II.B.1. of this report and governed by Rule 8 of the Federal Rules of Civil Procedure. In addition, plaintiff is advised that the law in this circuit provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995)

12

(McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). To the extent plaintiff attempts to assert constitutional claims, he is also reminded that the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). In any event, any amended complaint must clearly set forth the facts that give rise to the claim, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. Plaintiff's amended complaint should also allege facts providing a basis to assert personal jurisdiction over those defendants that reside outside of the state of New York. Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

## III. SUMMARY AND RECOMMENDATION

Plaintiff's complaint in this action asserts an array of state and federal law claims against several defendants of various description, and asserts both diversity of citizenship and the existence of a federal question as a basis for the court's jurisdiction. Because it clear that there is not complete diversity as between the plaintiffs and defendants, 28 U.S.C. § 1332 does not provide a basis for the court to entertain plaintiff's various claims. Turning to the federal claims and pendent state law claims, I find that they are legally deficient warranting dismissal with leave to replead. Accordingly, it is therefore hereby

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted; and it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED with leave to submit an amended complaint within thirty days of the date of any decision adopting this report and recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: October 8, 2014
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge