# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

**ROBERT BREWER,**

                Plaintiff,                3:14-cv-958
                                                        (GLS/DEP)

        v.

**RUTLAND HERALD et al.,**

                Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Robert Brewer
Pro Se
P.O. Box 438
Binghamton, NY 13903

**FOR THE DEFENDANTS:**
*JoJo Schwarzauer, Maury Mitchell*
Gleason, Dunn Law Firm            RONALD G. DUNN, ESQ.
40 Beaver Street
Albany, NY 12207

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Robert Brewer commenced this action against

defendants Rutland Herald, Brattleboro Reformer, Officer Hashim, Sgt

LaBombard, Sgt Treaudeux, Vermont State Police, JoJo Schwarzauer, Maury Mitchell, Margaret Immel Brewer, Robert Martin Brewer, David C. Drummond, Alan Eustace, Salar Komangar, Sridhar Ramaswamy, Urs Hölzle, Vic Gundotra, Brett Lider, Johanna Wright, Trey Harris, Matt Cutts, and Connected Properties, LLC, alleging a host of claims arising out of several seemingly unrelated events. (*See generally* Compl., Dkt. No. 1.) In a Report, Recommendation, and Order (R&R) issued on October 8, 2014, Magistrate Judge David E. Peebles ordered that Brewer's request to proceed *in forma pauperis* (IFP) be granted, and recommended, upon initial review of Brewer's complaint pursuant to 28 U.S.C. § 1915(e), that the complaint be dismissed in its entirety, with leave to submit an amended complaint. (Dkt. No. 10.) Pending are Brewer's objections to the R&R. (Dkt. No. 13.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

Brewer's complaint consists of 311 paragraphs, and purports to assert thirty-five causes of action against twenty-one named defendants. (*See generally* Compl.) His allegations appear to stem primarily from several entirely unrelated sets of circumstances. First, he makes

2

allegations regarding a traffic stop by unnamed members of the Vermont State Police, during which a firearm was confiscated from his vehicle. (*Id.* ¶¶ 5-23.) Brewer also claims that two Vermont newspapers falsely reported the incident and the extent of his criminal history. (*Id.* ¶¶ 24-28.) Separately, Brewer contends that his son and ex-wife conspired to access Brewer's email and Facebook accounts without his authorization, constituting a "warrantless wiretap," and falsely attributed him with debts that were actually incurred by them, harming Brewer's credit rating. (*Id.* ¶¶ 40-68.) Additionally, Brewer claims that Google employees manipulated online images of various criminals to resemble him, and created false criminal history profiles under his name. (*Id.* ¶¶ 74-125.) Finally, Brewer makes allegations against his landlord related to problems he had with neighbors in his apartment building who were making excessive noise and spying on him from their own apartments. (*Id.* ¶¶ 126-88.)

Brewer filed his complaint on July 31, 2014. (*See generally id.*) No defendant has yet answered the complaint. Brewer sought leave to proceed IFP, (Dkt. No. 2), which triggered initial review of his complaint pursuant to 28 U.S.C. § 1915. Upon this initial review, Judge Peebles recommended that the complaint be dismissed with leave to file an

amended complaint. (Dkt. No. 10.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

In his R&R, Judge Peebles recommended that, "[g]iven the . . . general rambling and confusing nature of [Brewer]'s complaint," it be dismissed because Brewer's allegations do not appear to support any recognized cause of action, he has failed to allege the personal involvement of several of the named defendants, and there is no apparent

4

basis for personal jurisdiction over many defendants. (Dkt. No. 10 at 7-11.) Despite these deficiencies, and given Brewer's *pro se* status, Judge Peebles recommended that Brewer be permitted leave to file an amended complaint in which he more clearly states his causes of action and supports them with specific factual allegations. (*Id.* at 12-13.)

From what the court can discern from Brewer's objections, he appears to agree with, or accept, many of the recommendations made by Judge Peebles in the R&R. (Dkt. No. 13 ¶¶ 1-4, 6, 13-14, 27.) Most tellingly, many of his objections consist of his apparent willingness to amend his complaint, and his insistence that he will more clearly and adequately allege his claims "in the new [c]omplaint." (*Id.* ¶¶ 3, 6, 9, 14, 16-18, 21-23, 25, 28-33.) The objections that Brewer does make to the portions he disagrees with do not merit *de novo* review. On several occasions in his objections, he simply notes his disagreement with the R&R, and states, without any explanation or analysis, his "belief" that defendants are liable and/or that he has adequately alleged a claim. (*Id.* ¶¶ 5, 10, 12, 15, 24, 29-32, 34-37.) His objections, therefore, merit only review for clear error, consistent with the standards set forth in *Almonte*, 2006 WL 149049, at *3-5. After careful review of Brewer's complaint and

5

the recommendations in the R&R, the court finds that the recommendations are not clearly erroneous, and adopts them in their entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' October 8, 2014 Report, Recommendation, and Order (Dkt. No. 10) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Brewer's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Brewer may—in accordance with the requirements of, *inter alia*, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4)—file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that, if Brewer fails to file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk shall **CLOSE** this action without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

May 13, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court