**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT BREWER,**

                              **Plaintiff,**          **3:14-cv-958**
                                                      **(GLS/DEP)**

              **v.**

**RUTLAND HERALD et al.,**

                              **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Robert Brewer
Pro Se
P.O. Box 438
Binghamton, NY 13903

**FOR THE DEFENDANTS:**
*Rutland Herald*
O'Connor, O'Connor Law Firm          PETER B. JOSLIN, JR., ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211

*Brattleboro Reformer*
Levine, Sullivan Law Firm            JAY W. BROWN, ESQ.
1899 L Street NW, Suite 200          ROBERT PENCHINA, ESQ.
Washington, DC 20036

*Officer Hashim and Sgt LaBombard*    NO APPEARANCE

*JoJo Schwarzauer and Maury Mitchell*
Gleason, Dunn Law Firm               RONALD G. DUNN, ESQ.
40 Beaver Street
Albany, NY 12207

*Salar Komangar, Sridhar Ramaswamy,*
*Brett Lider, and Johanna Wright*
Wilson Sonsini Goodrich & Rosati          DAVID H. KRAMER, ESQ.
650 Page Mill Road
Palo Alto, CA 94560

Wilson, Sonsini Law Firm                  MORRIS J. FODEMAN, ESQ.
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6022

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Robert Brewer commenced this action against

defendants Rutland Herald, Brattleboro Reformer, Officer Hashim, Sgt

LaBombard,[1] JoJo Schwarzauer, Maury Mitchell, Salar Komangar, Sridhar

Ramaswamy, Brett Lider, and Johanna Wright, alleging thirteen causes of

action.  (Am. Compl., Dkt. No. 19.)  Pending are remaining defendants'

motions to dismiss.  (Dkt. Nos. 20, 35, 55, 76.)  For the reasons that follow,

---

[1] At the request of Brewer, defendants Hashim and LaBombard have not been served by the Unites States Marshals Service.  (Dkt. No. 52.)  Service has not been otherwise made on those defendants, and, at this point, well over sixty days has elapsed since the initial filing against them.  *See* N.D.N.Y. L.R. 4.1(b) (requiring service within sixty days of the filing of the complaint).  Accordingly, the court dismisses Hashim and LaBombard without prejudice consistent with Rule 4(m) of the Federal Rules of Civil Procedure.

2

all motions are granted and the amended complaint is dismissed.

## II. **Background**

### A.   **Facts**[2]

The facts are bizarre and disjointed.  Suffice it to say that this case springs primarily from an incident in which Brewer was stopped by Vermont State Police and found to be in possession of a handgun.  (Am. Compl. ¶¶ 18, 26, 30.)  A press release authored by Hashim, a police officer, memorialized the stop and included information that Brewer contends was inaccurate and defamatory.  (*Id.* ¶¶ 37-45.)  Afterward, Brewer located and read articles "on Google published by the defendant newspapers purporting to offer accounts of [the] highway stop."  (*Id.* ¶ 46.)

Brewer takes exception to several assertions in the press release and news articles.  Primarily, he is disenchanted with the fact that a prior conviction stemming from an incident with nonparty Ellen Cacamis, which he successfully appealed, is relied upon to suggest that he is a convicted felon and was not allowed to possess a firearm.  (*Id.* ¶¶ 1-9, 32.)  Brewer set out to have the his criminal record corrected through both the Alabama

---

[2] Consistent with the applicable standard of review, the facts are drawn from the amended complaint and presented in the light most favorable to Brewer.

Criminal Justice Information Center (CJIC), through Mitchell and

Schwarzauer both of whom are employees of that entity, and Federal

Bureau of Investigation (FBI), but he was apparently unsuccessful.  (*Id.* at

6, ¶¶ 56-73.)

At some time thereafter, Brewer discovered that google images had

linked his likeness to "murderers, rapists, child molesters, cocaine addicts

and an individual who 'demanded a prostitute perform fellatio on his person

at the point of a double barreled shotgun'" as well as other unsavory

things/people.  (*Id.* ¶¶ 84-108.)  Despite reporting the images to google,

formally complaining to police, and taking other action, the images were

not removed.  (*Id.* ¶¶ 92-94.)  Brewer contends that Komangar,

Ramaswamy, Lider, and Wright (collectively "google employees") are

responsible for this conduct.  (*Id.* ¶ 140.)

**B.**   **Procedural History**

Brewer's first complaint was dismissed with leave to file an amended

complaint.  (Dkt. No. 18.)  After he filed an amended complaint, which

alleges thirteen separate causes of action, (*id.* ¶¶ 109-50), the pending

motions to dismiss were filed, (Dkt. Nos. 20, 35, 55, 76).

**III.  Standard of Review**

4

### A.    Rule 12(b)(2)

When a defendant calls personal jurisdiction into question by invoking Rule 12(b)(2), the plaintiff bears the burden of satisfying the court that it has jurisdiction over the moving defendant.  *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).  In the absence of an evidentiary hearing, the plaintiff's "allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."  *Id.* (internal quotation marks and citation omitted).

### B.    Rule 12(b)(6)

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010)*, abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

## IV.  Discussion

For lack of a more logical way to proceed, the court will consider each claim seriatim.

### A.    First Cause: Fraud

Brewer's first claim, alleging fraud, is asserted against Mitchell and Schwarzauer.  (Am. Compl. ¶¶ 109-17.)  Brewer contends that Mitchell made his conviction fraudulent when he "induced the FBI to reject [his] criminal records challenge" and that Mitchell and Schwarzauer perpetrated fraud against the government of the United States and State of Vermont by "intentionally withholding his successful direct appeal."  (*Id.* ¶¶ 109-11.) Mitchell and Schwarzauer argue that the claim is subject to dismissal for, among other reasons, failure to meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.  (Dkt. No. 20, Attach. 2 at 3-4.)  The court agrees.

While it is unclear what substantive law should apply to the fraud claim,[3] there is no doubt that Rule 9(b) applies.  *See Stern v. Gen. Elec. Co.*, 924 F.2d 472, 476 n.6 (2d Cir. 1991).  Rule 9(b) requires a party pleading a fraud claim to "state with particularity the circumstances constituting fraud or mistake," but allows for "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally."  The amended complaint fails to plead with sufficient particularity with respect to

---

[3] The parties' filings imply their belief that New York law governs this claim.  (Dkt. No. 20, Attach. 2 at 3, Dkt. No. 30 at 11-12.)

any fraud perpetrated by Mitchell and Schwarzauer on Brewer.  Brewer's

response confirms that his intention was to plead that Mitchell and

Schwarzauer defrauded the United States and Vermont through their

conduct.  (Dkt. No. 30 at 12-16.)  Brewer cannot assert the rights of those

entities.  *See United States v. Suarez*, 791 F.3d 363, 366 (2d Cir. 2015)

("[T]he prudential standing rule . . . bars litigants from asserting the rights

or legal interests of others in order to obtain relief from injury to

themselves." (internal quotation marks and citation omitted)).  In addition,

the amended complaint is otherwise devoid of facts that could sufficiently

demonstrate fraud by these defendants as against Brewer.  Accordingly,

the first claim is dismissed for failure to state a claim.

**B.**     **Second Cause: Computer Fraud**

In his second claim, Brewer alleges a violation of the Stored

Communications Act (SCA)[4] "and other Federal statutes" as against

Mitchell, Schwarzauer, and Lider.  (Am. Compl. ¶¶ 118-20.)  Simply put, no

view of the facts alleged could support a violation of the SCA.  That Act

makes illegal certain conduct involving "wire or electronic communication

while it is in electronic storage," and authorizes a civil recovery for a

---

[4] *See* 18 U.S.C. §§ 2701-2712.

"person aggrieved by any violation of th[e Act] in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind."  18 U.S.C. §§ 2701, 2707.  As for Brewer's assertion that unidentified federal law was violated, this statement is insufficient under the basic pleading requirements engrafted in Rule 8.  For all of these reasons, the second cause of action must be dismissed.

**C.     Third Cause: Cruel and Unusual Punishment**

In his third claim, Brewer contends that Mitchell and Schwarzauer violated his Eighth Amendment rights by "changing his case outcome from SET ASIDE on direct appeal to a conviction sua sponte" and "changing the terms of probation from [six] months to a lifetime conviction sua sponte." (Am. Compl. ¶ 121.)  This claim cannot stand.  Brewer's assertions are hyperbole.  The gist of his claim is that, as a side effect of their actions, Mitchell and Schwarzauer have affected the status of his prior conviction and the sentence imposed thereof.  Neither Mitchell nor Schwarzauer could in fact impose any sentence or otherwise alter a judgment of conviction.  The Eighth Amendment prohibition against "cruel and unusual punishments" as it relates to sentencing, contemplates the imposition of punishment through official judicial channels, which is not present here.

8

For this reason, the third cause of action is dismissed.

### D.    Fourth Cause: Equal Treatment Before the Law

Brewer's next cause of action concusorily contends that

Schwarzauer violated his Fourteenth Amendment right to equal treatment

under the law "by conferring 'victim' status on" Cacamis.  (*Id.* ¶ 122.)  This

claim does not meet the Rule 8 pleading standard and must be dismissed.[5]

### E.    Fifth Cause: Erroneous Deprivation[6]

Brewer's fifth claim, which names LaBombard as a defendant, (*id.*

¶ 123), need not be addressed because, as explained above, the claims

against LaBombard are dismissed for failure to serve.  *See supra* note 1.

### F.    Sixth Cause: Right to Bear Arms

As with the fifth cause of action, Brewer's sixth claim, also asserted

solely against LaBombard, (Am. Compl. ¶ 124), is dismissed for failure to

timely serve LaBombard.  *See supra* note 1.

---

[5] The court rejects Brewer's attempt to supplement his pleading by alleging facts in his response for the first time.  (Dkt. No. 30 at 18.)  Even if the court accepted the "reasonable inference" Brewer urges — that he was somehow treated differently that Cacamis because of his gender, (*id.*) — the claim still fails to allege sufficient facts to support an equal protection claim.

[6] In one of his responsive memoranda, Brewer asserts that "[e]rroneous [d]eprivation is folded into infringement of the right to bear arms.  Unclean Hands replaces it as Fifth Cause of Action.  Plaintiff also amends the 4th Cause of Action."  (Dkt. No. 30 at 19.)  While it is not altogether clear what legal effect Brewer thinks his assertion has, the court would deny any request for leave to amend as futile.

### G.    Seventh Cause: More Oppressive Treatment

The seventh claim alleged by Brewer implicates that, by labeling

Brewer a "transient," Hashim violated the Privilege and Immunities Clause.

(Am. Compl. ¶ 125.)  This claim is dismissed for failure to serve Hashim as

explained above.  *See supra* note 1.

### H.    Eighth Cause: Restraint of Trade

Brewer's eighth cause of action alleges that Mitchell violated

unidentified laws by forcing Brewer to use his agency's records challenge,

at a cost of "$25 rather than a similar criminal records challenge product

offered by the FBI priced at $18."  (Am. Compl. ¶ 126.)  In his response,

Brewer contends that the Sherman Act, Clayton Act, and Federal Trade

Commission Act are all implicated.  (Dkt. No. 30 at 19-20.)  While the court

will not permit an amendment by response, it nonetheless considers the

claim in the context of antitrust law.  Brewer's square-peg facts cannot be

jammed into the proverbial round-hole.

Aside from the logical disconnect of Brewer's argument, which

seems to equate the "service" provided by the FBI and CJIC as one in the

same or somehow in competition with each other — when clearly they are

not — the state action doctrine appears to preclude liability.

By statute, the CJIC Commission is empowered to promulgate regulations pertaining to the inspection of criminal records by he or she to whom the records pertain.  *See* Ala. Code § 41-9-643.  Such regulations have been implemented and set an administrative fee of $25 for all records challenges.  *See* Ala. Admin. Code § r. 265-X-2-.03(1)(c).  Even if Mitchell played some role in setting that fee as implied by Brewer, the allegedly anticompetitive behavior seems to be both authorized by the state and subjected to state supervision.  *See Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105 (1980).  Accordingly, this claim must be dismissed.

## I.  **Ninth Cause: Due Process**

Brewer's ninth cause of action, (Am. Compl. ¶ 127), is asserted solely against Hashim, who, as noted above, was not timely served.  *See supra* note 1.  Accordingly, this claim is dismissed.

## J.  **Tenth Cause: Libel**[7]

The tenth claim alleges libel against Mitchell, Schwarzauer, Hashim, Rutland Herald, Brattleboro Reformer, and the Google employees.  (Am.

---

[7] The parties agree that New York substantive law applies to this claim.  (Dkt. No. 20, Attach. 2 at 11; Dkt. No. 30 at 21-22.)

Compl. ¶¶ 128-41.)  Because Hashim was not timely served, the claim is dismissed as against him.  *See supra* note 1.  The claim is addressed with respect to the other defendants below.

      *1.   Mitchell and Schwarzauer*

      The claims against Mitchell and Schwarzauer must be dismissed. Brewer's allegations with respect to these defendants is that they defamed him by "intentionally withholding [his] successful direct appeal" and by "recording a conviction on his FBI record that was SET ASIDE on direct appeal."  (Am. Compl. ¶¶ 132-34.)  As argued by these defendants, a complete defense to defamation is that the complained of statements were true.  (Dkt. No. 20, Attach. 2 at 11); *see Schwartzberg v. Mongiardo*, 113 A.D.2d 172, 174 (3d Dep't 1985) ("It is axiomatic that truth is an absolute, unqualified defense to a civil defamation action.").  The only "publication" here was Brewer's conviction of a crime, which was true by his own admission.  (Am. Compl. ¶ 9.)  The omission of which Brewer complains — withholding information about a subsequent successful appeal — cannot constitute publication and is not actionable.  *See Brian v. Richardson*, 87 N.Y.2d 46, 50-51 (1995) ("The essence of the tort of libel is the publication of a statement about an individual that is both false and defamatory.").  For

this reason, the claim is dismissed as against Mitchell and Schwarzauer.

  *2. Rutland Herald and Brattleboro Reformer*

  Brewer alleges that Rutland Herald and Brattleboro Reformer libeled him by publishing "Hashim's [p]ress [r]elease as cited," which contained false, injurious statements.  (Am. Compl. ¶¶ 137-39.)  As both defendants point out, New York Civil Rights Law § 74 creates a privilege in an action for libel where the publication in question fairly and truly reports on an official proceeding.  (Dkt. No. 35, Attach. 1 at 8-12; Dkt. No. 76, Attach. 1 at 10-12.)  A review of the official press release from Brewer's Vermont arrest, (Dkt. No. 35, Attach. 3), and the publications at issue from each newspaper, (Dkt. No. 35, Attach. 4; Dkt. No. 76, Attach. 2), of which the court takes judicial notice,[8] plainly reveal that Civil Rights Law § 74 shields Rutland Herald and Brattleboro Reformer from liability.  Indeed the content of the publications is no more than a parroting of the press release, and therefore is a "fair and true report" of the official press release.  Brewer's responses, (Dkt. Nos. 48, 82), miss the point.  He fails to make the apt comparison for § 74 purposes and instead argues that the publications

---

[8] The press release may be noticed as a matter of public record while the news articles may be noticed as integral to the amended complaint.

themselves are inaccurate as opposed to analyzing whether they are a fair and true report of the press release.  For all of these reasons, Brewer has failed to state a claim against these defendants for defamation.

      *3.   Google Employees*

      The sole contention as to the Google employees is that they "libeled [Brewer] by falsely insinuating he committed [certain] crimes."  (Am. Compl. ¶ 140.)  Before any consideration of the merits, the court must address the Google employees' argument that they are not amenable to suit for lack of personal jurisdiction.  (Dkt. No. 55, Attach. 1 at 4-7.)

      Google employees assert that New York's long-arm statute has not been satisfied where, as here, the only basis for personal jurisdiction comes from the fact that their employer has a New York office.  (*Id.*)  In reply to Brewer's unsupported contention that the Google employees have traveled to New York for Google-related business or otherwise directed activity at New York, (Dkt. No. 60 at 9-16),[9] the Google employees further

_____

[9] Well after briefing on the Google employees' motion was closed and Brewer had requested and been denied an opportunity to file a sur-reply, (Dkt. Nos. 79, 80), he filed something he labeled "Request for Judicial Notice," (Dkt. No. 83).  The Google employees oppose the filing, claiming it is an attempt to circumvent the denial of Brewer's request to file a sur-reply, contains irrelevant material, and that the documents are not presented in admissible form.  (Dkt. No. 84.)  The court concurs and accordingly excludes from its consideration any of the content from Brewer's request for judicial notice.

argue that work-related travel is insufficient to show that an individual

defendant is doing business within the forum state and that all of Brewer's

allegations are speculative and unsupported, (Dkt. No. 61 at 2-4.)

The court is in agreement that the New York long-arm statute is not

satisfied here.  *See* N.Y. C.P.L.R. 302(a).  Brewer, who appears to rely

solely on the the "transacts any business within the state" prong of N.Y.

C.P.L.R. 302(a)(1), (Dkt. No. 60 at 7), has wholly failed to meet his burden

of affirmatively establishing that jurisdiction exists even when considering

the pleadings and any affirmations bearing on the issue (none of which

have been submitted by him[10]) in the light most favorable to him.  *See*

*Martinez v. Queens Cty. Dist. Attorney*, 596 F. App'x 10, 12 (2d Cir. 2015).

Indeed, his allegations that the Google employees transacted any business

in New York are incompetent and there is a total failure by Brewer to show

how the claims asserted against them arise from those purported

transactions of business.  *See PDK Labs, Inc. v. Friedlander*, 103 F.3d

1105, 1109 (2d Cir. 1997) (acknowledging requirement that the cause of

action must "arise[] out of the defendant's New York transactions").  For

---

[10] Brewer submitted an "Affidavit in Support" along with his response papers, but it is devoid of any mention of facts that go to the jurisdictional issues.  (Dkt. No. 60, Attach. 1.)

these reasons, the defamation claim against the Google employees, and all other claims asserted against them, are dismissed for lack of personal jurisdiction.

## K.   Eleventh Cause: Nonconsensual Appropriation

Brewer's next claim is asserted only as against Google employee Ramaswamy.  (Am. Compl. ¶ 142.)  Because personal jurisdiction is lacking as previously explained, this claim is dismissed.  *See supra* Part IV.J.3.

## L.   Twelfth Cause: Deceptive Business Practices

The twelfth cause of action is asserted against Rutland Herald, Brattleboro Reformer, and the Google employees.[11]  (Am. Compl. ¶¶ 143-48.)  Brewer alleges that the newspapers are liable for a violation of New York General Business Law § 349 for failing to disclose certain facts to their readers.  (*Id.* ¶ 143.)

As argued by the newspapers, General Business Law § 349 does not apply to noncommercial publications.  (Dkt. No. 35, Attach. 1 at 12-14; Dkt. No. 76, Attach. 1 at 14-15); *see Lacoff v. Buena Vista Publ'g, Inc.*, 183

---

[11] The claim is dismissed with respect to the Google employees for lack of personal jurisdiction.  *See supra* Part IV.J.3.

Misc. 2d 600, 608-09 (Sup. Ct. 2000).  The articles published by both

Rutland Herald and Brattleboro Reformer, which have been judicially

noticed, are plainly noncommerical speech and as such are not subject to

General Business Law § 349.  Accordingly, this claim is dismissed as

against Rutland Herald and Brattleboro Reformer.

**M.      Thirteenth Cause: Involuntary Servitude**

The final claim is asserted only as against the Google employees.

(Am. Compl. ¶¶ 149-50.)  For reasons already explained, the claim is

subject to dismissal for lack of personal jurisdiction.  *See supra* Part IV.J.3.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that all claims asserted against Hashim and LaBombard

are **DISMISSED** without prejudice for failure to timely serve; and it is

further

**ORDERED** that Mitchell and Schwarzauer's motion to dismiss (Dkt.

No. 20) is **GRANTED**; and it is further

**ORDERED** that Brattleboro Reformer's motion to dismiss (Dkt. No.

35) is **GRANTED**; and it is further

**ORDERED** that Komangar, Ramaswamy, Lider, and Wright's motion

to dismiss (Dkt. No. 55) is **GRANTED**; and it is further

ORDERED that Rutland Herald's motion to dismiss (Dkt. No. 76) is

**GRANTED**; and it is further

ORDERED that the amended complaint (Dkt. No. 19) is **DISMISSED**;

and it is further

ORDERED that the Clerk close this case; and it is further

ORDERED that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

August 18, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge

18