**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ROBERT BREWER,**

                      **Plaintiff,**

                      **v.**

**RUTLAND HERALD et al.,**

                      **Defendants.**

_____

**3:14-cv-958
(GLS/DEP)**

## **SUMMARY ORDER**

Judgment was entered dismissing this matter on August 18, 2016; the Clerk served the judgment on plaintiff *pro se* Robert Brewer by both regular and certified mail the same day. (Dkt. No. 90.) On September 15, 2016, the certified mailing was returned to the court as unclaimed. (Dkt. No. 91.) One week later, the court received a letter dated September 21, 2016, indicating that Brewer "check[s] his mailbox regularly," but only received the judgment on September 20, presumably by regular mail. (Dkt. No. 92.) The Second Circuit has directed the court to construe that letter as a motion to reopen the time to file an appeal and "to consider whether such motion should be granted." (Dkt. No. 102.) Defendants were ordered by this court to advise it of their position on the issue raised by the Circuit's

order (Dkt. No. 103), and they have done so, (Dkt. Nos. 104, 105, 108, 109). Despite no invitation to do so, Brewer took it upon himself to file an additional affidavit bearing on the issue too. (Dkt. Nos. 111, 113.)

As relevant here, Rule 4(a)(6) of the Federal Rules of Appellate Procedure empowers the district court with discretion to "reopen the time to file an appeal for a period of [fourteen] days after the date when its order to reopen is entered" if: (1) "the court finds that the moving party did not receive notice . . . of the entry of judgment . . . within [twenty-one] days after entry"; (2) "the motion is filed . . . within [fourteen] days after the moving party receives notice . . . of the entry"; and (3) "the court finds that no party would be prejudiced." Even if all the criteria of Rule 4(a)(6) are met, the court may properly exercise its discretion to deny such a motion if, in the court's view, the moving party's own fault brought about the failure to receive timely notice. *See In re WorldCom, Inc.*, 708 F.3d 327, 338 (2d Cir. 2013) ("[A]t a minimum, a district court exercising discretion under Rule 4(a)(6) should give substantial weight to indications that the failure of receipt was the litigant's fault.").

Here, accepting as true Brewer's contention that he received the judgment for the first time on September 20 — a notion which seems at

2

odds with his admission that he regularly checks his mail, (Dkt. No. 92) — and finding that all requirements under Rule 4(a)(6) are facially met, the court declines to exercise its discretion because Brewer's failure to timely receive notice of entry of judgment was his own fault. While Brewer mentions a medical condition that causes "inner ear disturbances resulting in vertigo and equilibrium imbalance" in his filing, he also readily admits that his condition does not impede his ability to "regularly" check his mail. (Dkt. No. 92.) His other excuses — "a heavy workload," "technology [dis]advantage," and "simple justice" — do not alter the court's view of the issue either. (Dkt. No. 111 at 2-3.) Service of notice of entry of judgment is "'merely for the convenience of litigants' and . . . litigants at all times have an 'obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal.'" *In re WorldCom, Inc.*, 708 F.3d at 341 (quoting Fed. R. Civ. P. 77 advisory committee's note to the 1946 amendment). For all of these reasons, Brewer's motion, (Dkt. No. 92), is denied.

Accordingly, it is hereby

**ORDERED** that Brewer's motion to reopen the time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure (Dkt.

3

No. 92) is **DENIED**; and it is further

ORDERED that parties shall notify the Second Circuit of this Summary Order within thirty (30) days of the date of this Summary Order; and it is further

ORDERED that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 2, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge